IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

LEXISNEXIS RISK AND
INFORMATION ANALYTICS
GROUP INC.,

REED ELSEVIER INC., and

SEISINT, INC.,

         Plaintiffs,

v.

PAUL COLANGELO,

         Defendant.

_____/

07-80486 CIV-MIDDLEBROOKS
MAGISTRATE JOHNSON



FILED by _____ D.C.

JUN - 6 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. PIERCE

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

Plaintiffs LexisNexis Risk and Information Analytics Group Inc. ("LN Risk"), Reed Elsevier Inc. ("LexisNexis"), and Seisint, Inc. ("Seisint") (collectively Plaintiffs are referred to as "LN Risk & Information Group"), by counsel, state the following in support of their Motion for Leave to Take Expedited Discovery:

LN Risk & Information Group is a provider and custodian of quality information that leverages new, cutting-edge technology, unique data and advanced scoring analytics to create advanced decision-making efficiencies at the point of need. It provides products and services specifically designed to serve the risk information industry, including federal, state and local government agencies, law enforcement agencies and professionals, financial services firms, collection agencies, insurance and health care providers, and others.

- 1 -

Defendant Paul Colangelo ("Colangelo") was, until his May 23, 2007 resignation, a LN Risk & Information Group employee. As a condition of his employment, Colangelo agreed to the LexisNexis NON-COMPETE/NON-DISCLOSURE/NON-SOLICITATION AGREEMENT, which among other things, prohibited him from holding certain post-employment positions with competitors of LN Risk & Information Group and disclosing confidential LN Risk & Information Group information and trade secrets.

Colangelo began working for LN Risk & Information Group in 2000 as a Market Manager. He subsequently held the positions of Director of Business Development, Senior Director of Market Planning, and, since December 1, 2005, Vice President of Sales. In these positions, Colangelo had access to and gained knowledge of LN Risk & Information Group's sensitive information and confidential information, including sales and marketing strategies, product development, and overall business strategy. He also interacted regularly with various important customers, essentially serving as the "face" of LN Risk & Information Group for a number of customers.

Colangelo refused to tell LN Risk & Information Group if he had subsequent employment after his resignation and with whom he might be employed. LN Risk & Information Group subsequently learned from a public filing with U.S. Securities and Exchange Commission ("SEC") that he had become the President, Chief Executive Officer, and a member of the Board of Directors for LocatePlus Holdings Corporation ("LocatePlus"). LocatePlus' SEC filing touted Colangelo's service with LN Risk & Information Group and revealed LN Risk & Information Group's confidential information and/or trade secrets.

LocatePlus, along with its wholly-owned subsidiaries, competes directly with LN Risk & Information Group. LocatePlus and its wholly-owned subsidiaries provide comprehensive information and business solutions to federal, state, and local governments throughout the United States. LocatePlus claims to be the "industry leader in providing online investigative solutions to law enforcement, legal and insurance professionals, investigators, and other related businesses." Accordingly, Colangelo has breached the LexisNexis NON-COMPETE/NON-DISCLOSURE/NON-SOLICITATION AGREEMENT and violated common and statutory law.

LN Risk & Information Group has filed a Complaint which seeks preliminary and permanent injunctive relief, as well as damages, based upon Colangelo's breach of contract and other unlawful acts. LN Risk & Information Group seeks preliminary injunctive relief because some of its injuries caused by Colangelo's unlawful acts are not fully compensable by monetary damages and its remedy at law is inadequate. As a direct result of Colangelo's actions, LN Risk & Information Group will suffer irreparable and severe injury to its business by the unfair competition and disclosure of its trade secrets, proprietary information, and by irrevocable loss of its goodwill and strategic advantages in the marketplace.

LN Risk & Information Group intends to schedule a hearing for a preliminary injunction as soon as possible and desires to take this discovery on an expedited basis before the hearing. The discovery will enable LN Risk & Information Group to prepare for the preliminary injunction hearing and to present the Court with more specific and detailed evidence of Colangelo's activities and unlawful acts. This evidence is exclusively within the possession of Colangelo. The requested discovery will enable the

parties and the Court to consider the issues raised in the Complaint and hearing with the benefit of all of the relevant facts and information.

Under such circumstances, both the Federal Rules of Civil Procedure and federal court decisions recognize that expedited discovery is appropriate. FED. R. CIV. P. 34(b). This is especially true in cases involving injunctive relief because of the short timetables involved:

> Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings. See *Optic-Electronic Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C.1987); *Onan Corp. v. United States*, 476 F. Supp. 428, 434 (D.Minn.1979).

*Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841, 844 (D.D.C. 1996).

For the foregoing reasons, LN Risk & Information Group requests that its Motion for Leave to Take Expedited Discovery be granted.

Respectfully submitted,

By: _____
Scott S. Cairns
Florida Bar No.: 0037729
McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3223 (Tel)
(904) 798-3261 (Fax)
scairns@mcguirewoods.com

Attorneys for Plaintiffs

\4605151.1