UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LEXISNEXIS RISK AND
INFORMATION ANALYTICS
GROUP INC.,

REED ELSEVIER INC., and

SEISINT, INC.,

     Plaintiffs,

vs.                         CASE NO.: 07-80486-CIV-MIDDLEBROOKS

PAUL COLANGELO,

     Defendants
_____/

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER OR IN THE ALTERANTIVE A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs LexisNexis Risk and Information Analytics Group Inc. ("LN Risk"), and LexisNexis a division of Reed Elsevier Inc. ("LexisNexis"), and Seisint, Inc. ("Seisint") (collectively, the "LN Group"), by counsel, hereby move for a Temporary Restraining Order or in the alternative a Preliminary Injunction against Defendant Paul Colangelo ("Colangelo"), and state:

1.      Colangelo worked for LexisNexis from September 11, 2000 until his resignation on May 23, 2007. As a condition of his employment, Colangelo signed a restrictive covenant agreement (the "Agreement") with LexisNexis, in which he agreed (i) not to compete, as defined in the Agreement, with LexisNexis or its affiliates; (ii) not to disclose the confidential information of LexisNexis or its affiliates, including their trade secrets; and (iii) not to solicit away from LexisNexis or its affiliates former customers of his as defined in the Agreement. The Agreement is attached as Exhibit 1 to the LN Group's Verified Complaint.

2.      At the time he resigned, Colangelo was the Vice President—Advanced Government Solutions for LexisNexis. In this position and his preceding positions with LexisNexis, Colangelo had access to and was entrusted with the LN Group's confidential proprietary information and trade

Dockets.Justia.com

secrets, including the LN Group's business strategy, financial and market planning, product development, revenue decisions, and sales and customer information.

3.      Colangelo resigned his LexisNexis employment to become the President, Chief Executive Officer ("CEO"), and Member of the Board of Directors of LocatePlus Holdings Corporation ("LocatePlus"), a direct competitor of the LN Group. Colangelo refused to tell the LN Group where he was going to work after he resigned.

4.      By accepting and beginning his employment with LocatePlus, Colangelo has breached the Agreement. Through his continued employment with LocatePlus, he continues to act in contravention of his duties under the Agreement.

5.      After learning that Colangelo had become LocatePlus' President and CEO, LexisNexis began computer forensics efforts to review Colangelo's LexisNexis-issued computer for evidence that he might have absconded with confidential LN Group information and trade secrets or otherwise acted improperly. The forensics examination revealed that Colangelo had burned 292 files containing confidential LN Group information to CD-ROM the Saturday before announcing his resignation and had attached an external hard drive to his computer the Sunday before his employment terminated. It also revealed that he had assisted LocatePlus in its effort to obtain financing while he was still a LexisNexis employee.

6.      Colangelo, after entry of this Court's June 8, 2007 Order and through his counsel, informed the LN Group that he had taken at least one jump drive and one external hard drive with him to LocatePlus. The LN Group's initial forensics review of these devices has established that Colangelo created and accessed numerous files containing extensive amounts of highly confidential LN Group information and trade secrets in the days (roughly May 5 through May 20, 2007) preceding his resignation.

7.      Based on Colangelo's misappropriation of the LN Group's confidential information and trade secrets, his extensive knowledge of the LN Group's confidential information and trade secrets, and his positions and responsibilities at LocatePlus, it is inevitable that Colangelo will further disclose the trade secrets of the LN Group unless enjoined from working for LocatePlus and from misappropriating the LN Group's trade secrets.

8.    Given this evidence and Colangelo's continued employment with LocatePlus, the LN Group is substantially likely to succeed on the merits of its action against Colangelo for breach of contract and misappropriation of trade secrets.

9.    The LN Group will be imminently and irreparably harmed if this Court does not grant a temporary restraining order and preliminary injunction prohibiting Colangelo from misappropriating or disseminating the LN Group's confidential information and trade secrets and from working for LocatePlus and requiring that Colangelo return all LN Group documents, information, and property and all copies thereof, to the LN Group.

10.    The likelihood of imminent irreparable harm to the LN Group due to disclosure to a competitor of its trade secrets by its former executive and the loss of goodwill caused by Colangelo's breach of the Agreement far outweighs the likelihood of any harm to Colangelo as a result of a temporary restraining order or preliminary injunction being entered.

11.    The public interest will not be harmed, but will instead be served by the granting of a temporary restraining order requiring Colangelo to refrain from action in violation of the Agreement and prohibiting Colangelo from using or disclosing the trade secrets of the LN Group.

12.    The LN Group has provided Colangelo with notice of its intention to seek a temporary restraining order and to later seek permanent injunctive relief from this Court.

13.    The LN Group hereby relies on its Memorandum of Law in Support of this Motion.

14.    The LN Group is in the process of securing financing for a bond for an appropriate amount, which it will deposit with the Court upon entry of a temporary restraining order.

WHEREFORE, for the reasons stated above, in the LN Group's supporting Memorandum of Law, and in the Verified Complaint, the LN Group respectfully requests that, pursuant to Federal Rule of Civil Procedure 65, this Court enter a temporary restraining order or in the alternative a preliminary injunction prohibiting Colangelo from (i) continuing his employment with LocatePlus; or (ii) disclosing or otherwise misappropriating any trade secrets or confidential information of the LN Group, until this matter can be heard and resolved on the LN Group's request for a permanent injunction.

Respectfully submitted this 15th day of June, 2007.

McGUIREWOODS LLP

3

s/ Scott S. Cairns
Scott S. Cairns
Florida Bar No: 0037729
Scott R. Bauries
Florida Bar No.: 0014968
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3223

Attorneys for Plaintiffs, LexisNexis Risk and
Information Analytics Group Inc., Reed Elsevier Inc.,
and Seisint, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. No attorney has entered an appearance yet on behalf of Defendant Colangelo, but an attorney has been corresponding on Colangelo's behalf. Accordingly, I further certify that upon receipt of the Court's Notice of Electronic Filing, I will serve a copy of the foregoing, as well as a copy of the Court's Notice, via facsimile to Maury S. Epner, Esq., Miller, Miller, & Canby, 200-B Monroe Street, Rockville, MD 20850, Facsimile (301) 762-6044.


s/Scott S. Cairns

Attorney


\4613996.1

4